1  Ehab M. Samuel (SBN 228296)
   esamuel@orbitip.com
2  David A. Randall (SBN 156722)
   dave@orbitip.com
3  Bruce Chapman (SBN 164258)
   bruce@orbitip.com
4  **ORBIT IP, LLP**
   11400 W. Olympic Blvd., Suite 200
5  Los Angeles, CA 90064
   Tel.: (310) 887-1333
6  Fax: (310) 887-1334
7
   Attorneys for Plaintiff,
8  DBEST PRODUCTS, INC.
9

10               UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DBEST PRODUCTS, INC., a California corporation,  Plaintiff,  vs.  AMAZON.COM, INC., a Delaware corporation, and AMAZON.COM SERVICES LLC  Defendants. | Case No.:  **COMPLAINT FOR PATENT INFRINGEMENT**  **DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1. dbest products, Inc. ("dbest") brings this action against Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") for willful direct infringement and induced infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

## THE PARTIES

2. dbest is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California.

3. On information and belief, Amazon.com, Inc. is a Delaware corporation with its principal place of business at 410 Terry Avenue in Seattle, Washington.

4. On information and belief, Amazon.com Services LLC is a Delaware limited liability company having a principal place of business at 410 Terry Avenue in Seattle, Washington.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the claims in this complaint under 28 U.S.C. §§ 1331 and 1338(a).

6. By prior agreement between the parties, Amazon has consented to jurisdiction and venue in this district.

7. This Court has personal jurisdiction over Amazon because it has consented to jurisdiction and does substantial business in this judicial district, including committing the acts of patent infringement described below.

8. On information and belief, Amazon has regular places of business in this judicial district, including 923 Westwood Boulevard, Los Angeles, California;

1620 26th Street, Santa Monica, California; and 40 Pacifica Avenue, Irvine, California.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(b) because Amazon has consented to venue and committed acts of patent infringement in this district in which it has regular places of business.

**FACTUAL BACKGROUND**

10. dbest is a leading innovator and seller of portable carts in the United States. dbest has developed, marketed and sold exclusively a highly successful product line of premium portable carts frequently featured on QVC, Inc.'s television infomercials and website. dbest also sells its carts on retail website platforms such as Amazon, through national retailers such as Lowe's and Home Depot, and on its own website.

11. dbest owns all rights, title, and interest in and to U.S. Patent No. 12,103,576 ("the '576 Patent"), issued on October 1, 2024, entitled "Stackable Collapsible Carts." A true and correct copy of the '576 Patent is attached as **Exhibit A**.

12. It is dbest's policy and practice to mark its carts protected by one or more of its patents with the patent number(s) to provide notice to the public that the product is protected by a U.S. patent. Since the '576 Patent issued, dbest has complied with its marking policy to give notice to the public that specific products are protected by the '576 Patent.

13. On information and belief, Amazon operates a widely used retail website at http://www.amazon.com and enables third-party vendors to sell and

-2-

COMPLAINT

distribute a variety of products to the public. On information and belief, while Amazon fulfills most user orders from third-party vendors through amazon.com, it also sells other products directly to its users. Amazon sells products on its retail website and has been advised of the existence of the '576 Patent, and of its infringement by products sold at amazon.com.

14. dbest regularly monitors retail platforms, including Amazon, to identify offers for sale of products that infringe its patents and other intellectual property rights. Pursuant to an agreement between the parties, when it locates infringing products, it uses Amazon's brand portal to submit complaints of patent infringement to Amazon. Under Amazon's intellectual property policy, when it receives a complaint of patent infringement, it removes the listings complained of and notifies the seller that it has done so and how they can try to have their removed listings reinstated.

15. In late 2024, through Amazon's Notice of Claimed Infringement ("NOCI") procedure, dbest identified numerous shopping carts sold on Amazon.com that infringe its patents (the "Accused Products."). Attached as **Exhibit B** is a schedule of the Amazon Standard Identification Number ("ASIN") for each Accused Product that dbest is currently aware of.

16. Recently, dbest determined that Amazon, rather than an Amazon seller, offers for sale and sells the Accused Products through Amazon.com, including those bearing ASIN Nos. B0DYTPZPQG, B0DTP3Y9D7, B0F487XN4K, B0DTPGH8Q8, B0DTKGKT3V, B0DTK4B8YG, B0F2DXCWFB, B0F2FKR3X7, B0DWWYSGT5, B0DTP4KQM6, B0D3QCHY2L, B0F2F4ZYWJ, B0CWTTXV7N, B0CZMVQRZH,

1  B0F18M6277, B0CHRNM2YF, B0D7D64TJC, B0D7F86TPF, B0D7FPL3RD,

2  B0D7FCMLNR, B0D7FSGQJV, B0D7F96S2P, B0D7D2RDM9, and

3  B0D7FC13HC.  True and correct copies of screenshots from Amazon's website,

4  identifying Amazon as the seller of various Accused Products, are attached hereto as

5  **Exhibits C, D, E, F & G**.

6      17. Although Amazon initially took down the Accused Products, it

7  reinstated them shortly thereafter and continues to offer the Accused Products for

8  sale and sell them in the United States.  Amazon's failure to permanently remove the

9  Accused Products satisfies the requirement in the parties' agreement for dbest to

10 bring suit against Amazon for infringement.

11     18.  As such, Amazon has engaged in infringement with both knowledge

12 of the '576 Patent's existence and knowledge that it infringes the '576 Patent by, at

13 least, offering the Accused Products for sale and selling them.

14

15 **COUNT I**

16 **(Direct Patent Infringement of the '576 Patent – 35 U.S.C. §§ 271***)*

17     19. The foregoing paragraphs are incorporated by reference as if fully set

18 forth in this paragraph.

19     20. Amazon has been and continues to directly infringe the '576 Patent by

20 offering for sale, selling, and/or otherwise distributing the Accused Products in

21 violation of 35 U.S.C. § 271.  A representative claim chart demonstrating how the

22 Accused Product satisfies each limitation of at least one claim of the '576 Patent is

23 attached as **Exhibit H**.

24

-4-

COMPLAINT

21. Amazon has not ceased its infringement in response to dbest's notices of its infringement. Rather, after initially taking down the listings of the infringing Accused Products, it reinstated them again and continued to sell and facilitated the sale of the Accused Products.

22. Amazon's infringement has been deliberate, willful, and intentional, as Amazon engaged in these wrongful acts with full knowledge of the existence of the '576 Patent and with full knowledge that its activities were an infringement of the '700 Patent.

23. In particular, as noted above, dbest provided actual notice of the infringement to Amazon.

24. Amazon's infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for Amazon's infringement.

25. dbest will continue to suffer irreparable injury unless and until Amazon is enjoined by this Court.

26. dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs, as well as enhanced damages for willful infringement.

## COUNT II

**(Induced infringement – 35 U.S.C. §§ 271)**

27. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

28. Amazon has been and is actively inducing its sellers and vendors to infringe the '576 Patent, by among other things, using, offering for sale, selling, and/or otherwise distributing the Accused Products in violation of 35 U.S.C. § 271(b).

29. As shown above, Amazon's sellers have engaged in and currently engage in activities that constitute direct infringement of the '576 Patent. Amazon's affirmative acts of:

a. selling and/or offering for sale the Accused Products through its website;

b. advertising the benefits of its marketplace to sellers and potential sellers;

c. providing sellers with the platform to reach customers and the online tools to offer the Accused Products for sale, i.e., advertising and promoting the Accused Products;

d. interacting with purchasers of the Accused Products so as to enable sellers to complete transactions with Amazon as an intermediary, and without communicating directly with the purchasers; and

e. benefitting financially from the sales of the Accused Products through Amazon.com,

have induced and continue to induce Amazon's sellers to sell the Accused Products in their normal and customary form to infringe the '576 Patent.

30. Through its advertising, selling, and/or offering for sale the Accused Products, Amazon specifically intends that its sellers directly infringe the '576

Patent. Despite having been notified of infringement, Amazon has continued to wantonly, willfully, and without justification, infringe at least one claim of the '576 Patent and will not terminate its infringement by removing the Accused Products that it induces infringement of from amazon.com unless ordered by this Court.

31. Amazon has performed and continues to perform acts that constitute indirect infringement, and would induce actual infringement, with the knowledge of the '576 Patent and with the knowledge or willful blindness to the fact that the induced acts constitute infringement.

32. Amazon's induced infringement has injured and will continue to injure dbest, which is entitled to recover damages that are adequate to compensate it for the infringement.

33. dbest is entitled to injunctive relief and compensatory relief, including attorneys' fees and costs, as well as enhanced damages for willful infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, dbest asks the Court to enter judgment in its favor and against Amazon and grant the following relief:

A. A determination that Amazon has infringed the '576 Patent;

B. An injunction permanently enjoining Amazon, and its officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '576 Patent;

C. An award of damages in an amount adequate to compensate dbest for Amazon's infringement of the '576 Patent.

1       D. A determination that Amazon's infringement has been willful, and an award of treble damages under 35 U.S.C. § 284;

      E. A determination that this case is exceptional and an award to dbest of its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

      F. Enter a judgment and order that Amazon to take all steps necessary to deliver to dbest all remaining inventory of all Accused Products for destruction;

      G. Enter a judgment and order requiring Amazon to file with the Court and serve on dbest a written report under oath setting forth in detail its compliance with the injunction within thirty days; and

      H. Any further relief that this Court deems just and proper.

DATED: May 21, 2025                     Respectfully submitted,

                                            ORBIT IP LLP.

                                            By: /s/ Ehab M. Samuel
                                            Ehab M. Samuel (CA SBN 228296)
                                            David A. Randall (CA SBN 156722)
                                            Bruce Chapman (CA SBN 164258)

                                            *Attorneys for dbest products, Inc.*